Nancy Wittenberg Secretary Department of Professional and Occupational Regulation Tallahassee
QUESTION:
Under what circumstances and means are members of the Armed Forces of the United States exempted from licensing requirements of administrative licensing boards pursuant to s. 455.02, F. S.?
SUMMARY:
Members of the Armed Forces of the United States on active duty who are in good standing with an administrative board shall be kept in good standing by said board without requiring the licensee to register, pay dues or fees, or perform any other act as long as he is a member of the Armed Forces on active duty and for a period of 6 months after his discharge.
Section 455.02, F. S., clearly states as follows:
 Any member of the Armed Forces of the United States now or hereafter on active duty who, at the time of his becoming such a member was in good standing with any administrative board of the state and was entitled to practice or engage in his profession or vocation in the state, shall be kept in good standing by such administrative board, without registering, paying dues or fees, or performing any other act on his part to be performed, as long as he is a member of the Armed Forces of the United States on active duty and for a period of 6 months after his discharge from active duty as a member of the Armed Forces of the United States.
Said statute requires only that the present licensee be a member of the Armed Forces of the United States on active duty to be entitled to the broad licensing exemption. There is no stated or implied exception or qualifying language to this classification of licensees, such as that the exemption only applies in times of war or national emergencies as referred to in the opinion request. Furthermore, the statutory section exempts those individuals from registering, paying dues or fees, or performing any other act, which includes continuing educational requirements.
The plain and obvious provisions of the statute control and there should be no need to resort to incidental rules of statutory construction and interpretation. Tropical Coach Line, Inc. v. Carter, 121 So.2d 779 (Fla. 1960).
However, to the extent that the administrative licensing boards have a divergence of interpretation concerning the intent and interpretation of s. 455.02, F. S., each such interpretation must be presumed valid until passed on by the judiciary. State ex rel. Bennett v. Lee, 166 So. 565 (Fla. 1936); Louisville and Nashville Railroad Company v. Speed Parker, Inc., 137 So. 724 (Fla. 1931); AGO 072-393.
Prepared by: Joseph W. Lawrence II, Assistant Attorney General